IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DANIEL RAY MCPHERSON                                                    PLAINTIFF

v.                                          CIVIL NO. 19-cv-06092

ANDREW SAUL, Commissioner                                               DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Daniel Ray McPherson, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his applications for DIB and SSI on April 10, 2017, and April 19, 2017, respectively. (Tr. 17). In his applications, Plaintiff alleged disability beginning on October 2, 2015, due to post-traumatic stress disorder (PTSD), a back problem, depression, and an anxiety disorder. (Tr. 17, 279, 283). An administrative hearing was held on August 29, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 17, 36-66).

On January 25, 2019, the ALJ issued an unfavorable decision. (Tr. 14). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: degenerative disc disease status post two spinal surgeries at the S5-L1 level with low back pain and radiculopathy to the bilateral legs; history of polysubstance

1

abuse; depression; anxiety; and post-traumatic stress disorder (PTSD). (Tr. 20). After reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 20-23). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except he can lift no more than 10 pounds. He can sit no more than six to eight hours in an eight-hour workday and no more than one to two hours without interruption. He can stand or walk no more than one to two hours in an eight-hour workday, and no more than fifteen minutes to a half hour at one time. He can no more than occasionally climb, crouch, kneel, stoop or crawl. He can no more than frequently perform reaching or handling. He is limited to unskilled or low semi-skilled work. He can have no more than superficial contact with supervisors or coworkers and no contact with the public.
> (Tr. 23-29).

The ALJ found Plaintiff would be unable to perform any of his past relevant work. (Tr. 29-30). With the help of a vocational expert, the ALJ then determined that Plaintiff could perform the representative occupations of table worker or document preparer. (Tr. 30-31). The ALJ found Plaintiff was not disabled from October 2, 2015, through the date of his decision. (Tr. 31).

Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314

2

F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff brings the following points on appeal: 1) Whether the ALJ's RFC determination was unsupported by substantial evidence due to his failure to develop the record; and 2) Whether the ALJ erred in his assignment of weight to a consultative examiner's opinion. (Doc. 13). More specifically, Plaintiff argues the ALJ erred by not ordering a consultative examination to determine Plaintiff's physical limitations after finding the evidence supported a greater degree of limitation than opined by the state agency physicians. Id. Plaintiff also argues the ALJ erred in finding the opinion of consultative examiner, Catherine L. Coon, not persuasive. Id. The Commissioner argues the ALJ's RFC determination was supported by substantial evidence, and the ALJ was not required to order a physical consultative exam as there was adequate evidence already in the record, and Plaintiff failed to show prejudice from the absence of a consultative exam. (Doc. 14). Plaintiff argues in a reply brief that the RFC determination was not supported by evidence from a treating or consultative expert, and the state agency medical expert's opinion was inconsistent with the medical records. (Doc. 15). Plaintiff further argues the ALJ failed to provide good reasons for discounting Dr. Coon's opinion. Id.

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 10th day of July 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE